John Carmody v. Lucretia H. Powers, Harry H. Powers AND Edna Powers.

*Corporations—How organized—Acknowledgment of articles of association,.
first step—Agreement with stockholders, prior to such acknowledgment, a
personal contract, not binding upon prospective corporation—Sale
of personal property—Contract of vendor for personal ser-
vices for vendee—Default of vendor, after delivery of
property, will not avoid the sale—Furnishes
counter claim for damages.*

1. Under the statutes of Michigan, the first step necessary to form a corporation is the acknowledgment of articles of · association by the stockholders, in their individual capacity.

2. An agreement with individuals, that when they become incorporated they will give the other contracting party a certain amount of the paid up stock of the corporation, is not a dealing with the corporation itself, nor will it bind the corporation, when organized, but is necessarily a personal contract.

3. Default on the part of a vendor of personal property, in the performance of an agreement for his personal services to be rendered to a corporation to be thereafter formed by the vendees, made after the delivery of the property, will not avoid the contract of sale, or furnish more than a counter claim for damages.

Error to Charlevoix. (Ramsdell, J.) Argued January 28, 29, 1886. Decided February 10, 1886.

Assumpsit. Defendants bring error. Affirmed.

*R. L. Corbett* and *Cruickshank & Grier*, for appellants :

Defendants first request should have been given to the jury, namely :

"If you find from the evidence, that at the time the bargain was made the Northern Manufacturing Company was.

existing in fact, and doing business as a corporation; and that plaintiff recognized it as such; that the articles of association were agreed to and signed before the bargain was made, which was made for and on behalf of the corporation, although the articles were not sworn to and recorded at the time, you will find for the defendants."

[The record discloses that the sale was made to defendants, July 23, 1883, at which time the articles of association of the corporation had been signed, $21,975 of the capital stock of $40,000 paid in, a meeting of the stockholders held and officers elected. In August, following, the articles were acknowledged and filed for record in the proper offices. After the election of officers, business was carried on in the name of the corporation.—Reporter.] We believe the law to be well settled that a party dealing with a corporation, even if *irregularly organized*, and recognizing it as such, cannot afterwards deny its legal existence, or avoid his dealings had with it: *Cahill v. Kal. M. Ins. Co.* 2 Doug. 124; *Swartwout v. Mich. Air Line R. R. Co.* 24 Mich. 389; *Merchants' and Manufacturers' Bank v. Stone,* 38 Mich. 779; *Callender v. P. & H. R. R. Co.* 11 Ohio St. 527; *Eaton et al v. Aspinwall,* 19 N. Y. 119; *Methodist U. E. Church v. Pickett,* 19 N. Y. 485; *B. & A. R. R. Co. v. Cary,* 26 N. Y. 75; *Carrington v. Crocker,* 37 N. Y. 338; Abbott's Trial Ev. p. 23, sec. 11; *Southern Life & T. Co. v. Lanier,* 58 Am. Dec. 448; *Casey v. Galli,* 94 U. S. 680–1; *Dutchess Cotton Mnfg. v. Davis,* 14 John. 238; *Trustees of Vernon Society v. Hills,* 6 Cowen 23; *McFarlan v. Triton Ins. Co.* 4 Denio, 397; *Fay and another v. Noble and others,* 7 Cush. 188. Persons who have dealt with a body professing to be a corporation, cannot question its corporate existence for the purpose of charging its members, individually, as if they were partners: *Oroville & V. R. R. Co. v. Plumas Co.* 37 Cal. 360; *Heaston v. C. & Ft. W. R. R. Co.* 16 Ind. 279; *Leonardsville Bank v. Willard,* 25 N. Y. 575; filing articles of association is not necessary to the legal existence of a corporation: *Harrod v. Hamer,* 32 Wis. 166.

*Pailthorp* and *George,* and *Taggart, Wolcott & Ganson,* for plaintiff:

Under the statute [How. Stat. §§ 4127–8 and 4136] a corporation may be formed by the incorporators executing, acknowledging and filing proper articles of association and the transaction of any business, until after such record, is expressly prohibited. The penalty for a disregard of this

prohibition, is the continuance of personal liability on the part of such incorporators. The corporate organization is complete only when all of the conditions imposed by the statute are strictly fulfilled: *Whipple v. Parker*, 29 Mich. 380; *Doyle v. Mizner*, 42 Mich. 332-7; *Att'y Gen'l. v. Hanchett*, Id. 436; *Bigelow v. Gregory*, 73 Ill. 197; *Harris v. McGregor*, 29 Cal. 124.

CAMPBELL, C. J.   Carmody sued defendants in the circuit court for the county of Charlevoix, to recover for the value of a steam-engine, and machinery for sawing and similar purposes, and he recovered judgment for the amount claimed. The suit was defended on two chief grounds:

*First*, that the property was subject to claims beyond what he represented, and that he did not fulfill a part of the agreement to work for the company; and,

*Second*, that the contract was not individual, but was made on behalf of a corporation known as the Northern Manufacturing Company.

Several assignments of error are alleged, which are practically disposed of by the findings of the jury on questions which were submitted at defendants' request, and in fact as well as presumably against them as proponents, based on testimony open to the jury to consider.

Plaintiff's claim, is, that in July, 1883, he owned the property in question, subject to a lien in favor of his vendors, Messrs. Chandler & Taylor, of Indianapolis, for two notes, of $725 each, and interest, one of which he had arranged with a firm named Wilcox & Co. to pay, and of which full payment was delayed by non-payment of a check, and the other still due.   He sold the engine and machinery, as he claimed, and as the jury found, to defendants, dealing with Harry Powers in their behalf, for $2,700, which was to be paid by their assumption and payment of the last-named note, and the delivery to him, thereafter, of $2,000 of paid-up stock in a company which defendants contemplated organizing, on a basis which would make the stock worth its face.   There was a conflict of testimony whether or not he agreed to serve the proposed company at fifty dollars a

month, but as no time of service was specified this is not material, and if plaintiff was in default, it cannot be claimed that such a default, made after the delivery of the property, could avoid the contract itself or furnish more than a counter-claim for damages. The charge asked, that it would avoid the contract, cannot be supported on any ground. And the same defect exists concerning the charge asked, that if the machinery was subject to any larger lien than was represented, plaintiff had no title which he could convey, and could not recover. He did not claim to transfer an absolute title, but merely one subject to a lien specified. He claims he fully explained how matters stood. But it cannot be insisted that no value passed, and it is not shown any damage followed or that defendants had to pay more than was stipulated.

The only serious controversy was, whether plaintiff dealt with defendants as individuals or as a corporation. It was not necessary that they should be partners, if they dealt jointly, and as the jury have found that they were not partners, and that they did contract personally with plaintiff, the only question is whether any charge was given or refused by the court, which misled the jury.

Plaintiff swore positively that he did not deal with defendants as a corporation or supposing them to be such. The contract as he states it, was with these individuals who contemplated forming a corporation in future. The defendants, who claim the transaction was on behalf of the company, did not take the first step necessary to form a corporation, which is the acknowledgment of the articles, until some time after the sale. The jury expressly negatived, not only the existence of the corporation and its doing business at the time, but also plaintiff's dealing with it at all. They found expressly that he dealt with defendants individually, and neither as a partnership nor as a corporation; and we do not see very clearly how, under this finding of fact, it becomes important to know what the law would have been had he dealt otherwise.

But we do not think that there is any room in such a case

as this for the doctrine of estoppel as applied to corporations *de facto*. We had occasion to consider this somewhat in *Doyle v. Mizner*, 42 Mich. 332. An agreement with individuals, that when they become incorporated they will give plaintiff a certain amount of paid-up stock, cannot on any rule of law be considered as a dealing with the corporation itself, or as one which would bind the future corporation when organized. It is possible there may be cases where an existing organization becomes incorporated bodily, but we have no statute which allows manufacturing companies to become incorporated except by the action of separate individuals, acting in their individual capacity and acknowledging their articles. Any bargain made here which looks to a future incorporation must necessarily be a personal one.

We do not deem it necessary, as already suggested, to consider the assignments separately. They are all disposed of by the special findings.

The judgment must be affirmed.

The other Justices concurred.